**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-5249**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JOEL CHAPARRO,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:08-cr-00012-JPB-DJJ-2)

_____

Submitted: June 1, 2009           Decided: June 29, 2009

_____

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Sherman L. Lambert, Sr., SHERMAN L. LAMBERT, SR., PLLC, Shepherdstown, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Chaparro appeals his conviction and thirty-three month sentence for aiding and abetting the distribution of cocaine, in violation of 18 U.S.C. § 2 (2006) and 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006). Chaparro's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but challenging the district court's refusal to provide a jury instruction on entrapment. Although informed of his right to do so, Chaparro has not filed a pro se supplemental brief. We affirm.

We review de novo a district court's decision to deny a defendant's requested instruction on entrapment. United States v. Ramos, 462 F.3d 329, 334 (4th Cir. 2006). "An entrapment defense has two elements: (1) government inducement of the crime and (2) the defendant's lack of predisposition to engage in the criminal conduct." Id. Before giving an entrapment instruction, the district court must make a threshold inquiry as to whether sufficient evidence exists for a reasonable jury to determine there was entrapment. See id. Mere solicitation of a crime is insufficient to merit an entrapment instruction, as solicitation alone would not persuade an otherwise innocent person to commit a criminal act. See id. "When government agents merely offer an opportunity to commit

2

the crime and the defendant promptly avails himself of that opportunity, an entrapment instruction is not warranted." Id. at 335 (internal quotation marks, citation and alteration omitted).

In this instance, it is clear that any inducement by the Government's confidential informant was mere solicitation, and did not rise to the level of entrapment. The record shows that, at the informant's request, Chaparro immediately sought to aid an undercover agent, whom Chaparro believed to be the informant's brother, in the procurement of cocaine. Though the informant was undoubtedly friendly toward Chaparro, this fact had no bearing on Chaparro's willingness to aid in the distribution of cocaine. This conclusion is underscored by the fact that, even without the informant's involvement, Chaparro repeatedly organized deals between the undercover agent and a local drug dealer. Indeed, there was no evidence presented that could lead a reasonable jury to determine that Chaparro was anything other than a ready and willing participant in the crime, and that the informant and the undercover agent merely offered him the opportunity to engage in criminal conduct. Accordingly, as Chaparro failed to demonstrate any "lack of predisposition to engage in the criminal conduct," Ramos, 462 F.3d at 334, we find that the district court did not err in refusing to give an entrapment instruction to the jury.

3

In accordance with <u>Anders</u>, we have examined the entire record in this case and found no meritorious issues for review. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>